IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br><br>                  Plaintiff,<br><br>v.<br><br>FITBIT, INC.,<br><br>                  Defendant. | Case No. 17-cv-05928-YGR<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Courtroom: 1<br>Judge: Honorable Yvonne G. Rogers |
| v.<br><br>MOOV INC.,<br><br>                  Defendant. | Case No. 17-cv-05929-YGR |
| v.<br><br>ADIDAS AMERICA, INC.,<br><br>                  Defendant. | Case No. 17-cv-05930-YGR |
| v.<br><br>NIKE, INC.,<br><br>                  Defendant. | Case No. 17-cv-05931-YGR |
| v.<br><br>UNDER ARMOUR, INC.,<br><br>                  Defendant. | Case No. 17-cv-05932-YGR |
| v.<br><br>FOSSIL GROUP, INC. ET AL.,<br><br>                  Defendant. | Case No. 17-cv-05933-YGR |
| v.<br><br>GARMIN INTERNATIONAL, INC. ET AL.,<br><br>                  Defendant. | Case No. 17-cv-05934-YGR |

| | |
|---|---|
| v.<br><br>NIKON AMERICAS, INC. ET AL.,<br><br>      Defendant. | Case No. 17-cv-05936-YGR |
| v.<br><br>TOMTOM, INC. ET AL.,<br><br>      Defendant. | Case No. 17-cv-05937-YGR |
| v.<br><br>CANON U.S.A., INC.,<br><br>      Defendant. | Case No. 17-cv-05938-YGR |
| v.<br><br>GOPRO, INC.,<br><br>      Defendant. | Case No. 17-cv-05939-YGR |
| v.<br><br>EASTMAN KODAK COMPANY,<br><br>      Defendant. | Case No. 17-cv-05940-YGR |
| v.<br><br>PANASONIC CORPORATION OF<br>NORTH AMERICA,<br><br>      Defendant. | Case No. 17-cv-05941-YGR |
| v.<br><br>JK IMAGING LTD.,<br><br>      Defendant. | Case No. 17-cv-06881-YGR |

The parties to the above-entitled, related actions jointly submit this OMNIBUS CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011, Civil Local Rule 16-9, and the Court's Order dated December 5, 2017.

## I.     Information Required Pursuant To the Standing Order for All Judges in the Northern District of California – Contents of Joint Case Management Statement

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding persona jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

The Court has jurisdiction over Plaintiff's claims under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271. This Court has subject matter jurisdiction over this case for alleged patent infringement, including pursuant to 28 U.S.C. §§ 1331 and 1338(a).

All Defendants have been served.

2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff, CellSpin Soft, Inc. ("CellSpin"), contends that Defendants have infringed and continue to infringe, including willfully, Cellspin's valid and enforceable patents, United States Patent Nos. 8,738,794 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'794 patent"); 8,892,752 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'752 patent"); 9,258,698 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'698 patent"); and 9,749,847 entitled "Automatic Multimedia Upload for Publishing Data and Multimedia Content" (the "'847 patent"). CellSpin contends that Fitbit, Moov, Adidas, Nike, Under Armour, Fossil, and Misfit infringe various claims of the '794, '752, and '847 patents; that Canon, GoPro, Panasonic, and JK Imaging infringe various claims of the '698 patent; and that Garmin, TomTom, and Nikon infringe various claims of the '698, '794, '752, and '847 patents. The allegedly infringing systems, methods, and devices comprise certain systems, methods, and apparatuses comprising certain aspects of Defendants' wearable Bluetooth fitness tracking devices and/or Wifi-enabled cameras that CellSpin alleges meet asserted claim limitations. Cellspin contends that it is entitled to damages comprising a

reasonable royalty, enhanced damages if the Court is so inclined, injunctive relief, and recovery of attorney's fees and costs. Cellspin denies the merits of Defendants' various affirmative defenses.

Defendants Fitbit, Moov, Adidas, Nike, Under Armour, Fossil, Misfit, Canon, GoPro, Panasonic, JK Imaging, Garmin, TomTom, and Nikon deny the merits of CellSpin's claims, and they contest, *inter alia*, infringement, alleged willfulness, validity, damages, and injunctive relief. Certain defendants have alleged unenforceability and/or inequitable conduct, and various other affirmative defenses. Defendants deny liability and seek recovery of attorney's fees.

3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

The parties expect the following legal issues to be in dispute:

(i) The proper construction of the claims of the Patents-in-Suit;

(ii) Alleged infringement, if any, including alleged willful infringement, if any, of the Patents-in-Suit;

(iii) Alleged invalidity of the Patents-in-Suit and other affirmative defenses raised by various defendants;

(iv) Whether these are exceptional cases such that a prevailing party should be awarded attorney's fees under 35 U.S.C. § 285; and

(v) Alleged damages, if any, including enhanced damages, if any, for alleged infringement of the Patents-in-Suit.

(vi) Whether a permanent injunction enjoining each Defendant is an appropriate remedy for these cases.

4. <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*

The following motions have been filed in the related actions:

| Defendant | Case No. | Motions | Status |
|---|---|---|---|
| Fitbit, Inc. | -05928 | Motion to Dismiss Based on § 101 (Dkt. # 22) | Denied w/o Prejudice |
|  |  | Omnibus Motion to Dismiss (Dkt. # 31) | Pending |
| Moov, Inc. | -05929 | Motion to Dismiss Based on § 101 (Dkt. # 23) | Denied w/o Prejudice |
|  |  | Omnibus Motion to Dismiss (Dkt. # 29) | Pending |
| NIKE, Inc. | -05931 | Motion to Dismiss Based on § 101 (Dkt. # 23) | Denied w/o Prejudice |
|  |  | Omnibus Motion to Dismiss (Dkt. # 28) | Pending |
| Fossil Group, Inc. and Misfit Inc. | -05933 | Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 35) | Denied w/o Prejudice |
|  |  | Omnibus Motion to Dismiss (Dkt. # 41) | Pending |
|  |  | Supplemental Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 42) | Pending |
| Garmin et al. | -05934 | Motion To Dismiss The '698 Patent Pursuant To Rule 12(c) and 35 U.S.C. § 101. | Pending |
| TomTom, Inc. and TomTom North America, Inc. | -05937 | Motion to Dismiss/Transfer Venue Pursuant to FRCP 12(b)(3) and 28 U.S.C. § 1406(a) (Dkt. No. 26) | Denied w/o Prejudice |
|  |  | Omnibus Motion to Dismiss (Dkt. # 34) | Pending |
|  |  | Renewed Motion to Dismiss/Transfer Venue Pursuant to FRCP 12(b)(3) (Dkt. # 36) | Pending |
|  |  | Motion for Judgment on the Pleadings Based on § 101 (Dkt. # 35) | Pending |
| Canon USA, Inc. | -05938 | Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 21) | Denied w/o Prejudice |

| | | | Omnibus Motion to Dismiss (Dkt. # 30) | Pending |
| | | | Supplemental Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 31) | Pending |
| GoPro, Inc. | -05939 | | Motion to Dismiss Based on § 101 (Dkt. No. 24) | Denied w/o prejudice |
| | | | Omnibus Motion to Dismiss (Dkt. # 31) | Pending |
| Panasonic Corporation of North America | -05941 | | Motion to Dismiss Based on § 101 (Dkt. # 28) | Denied w/o Prejudice |
| | | | Omnibus Motion to Dismiss (Dkt. # 34) | Pending |
| JK Imaging Ltd. | -06881 | | Omnibus Motion to Dismiss (Dkt. # 24) | Pending |
| | | | Supplemental Brief ISO Omnibus Motion to Dismiss (Dkt. # 25) | Pending |

5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

The parties do not currently anticipate any additional, material amendments to the pleadings, but they respectfully reserve the right to seek leave to amend pursuant to Fed. R. Civ. P. 15. However, the parties propose that Pleadings be allowed to be amended, without the need for leave of Court, up to, and including, June 5, 2018.

6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties are aware of their obligation to preserve relevant evidence, including electronically stored information, and each has taken steps to

comply with its obligations. The parties agree that they need not preserve voice or text messages, backup tapes, instant messages, voicemail, or the metadata corresponding to a particular document. The parties have agreed that, with the exception of documents required to be logged by Local Patent Rule 3-7(c), attorney client communications and attorney work product made on or after October 16, 2017 need not be logged on a privilege log.

The Parties expect to file a joint motion for protective order in all cases based upon this Court's Model Protective Order for Litigation Involving Patents.

7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

**Plaintiff's Statement:**

Plaintiff timely served its initial disclosures on January 17, 2018. Most Defendants timely served their initial disclosures on that same date. Certain Defendants' obtained modest extensions. The initial disclosures for JK Imaging were due after those of the other Defendants, but those should be served prior to the Case Management Conference.

**Defendants' Statement:**

Given the varying filing dates and deadlines associated with the different related cases, certain of Defendants have already served initial disclosures and certain Defendants have agreed to do so prior to the Case Management Conference.

8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

**Parties' Statement:**

To date, no discovery has been taken. The Parties agree that the number of Requests for Admission in each case be limited to 50 per party, not including requests for the purpose of establishing the genuineness of documents or that documents are kept in the ordinary course of business, which would not be limited.

**Plaintiff's Statement:**

Plaintiff proposes that discovery in each case should proceed pursuant to the Federal

Rules of Civil Procedure.

Plaintiff disagrees that depositions of third parties should not count toward the parties' presumptive deposition limits because such a proposal is one-sided and unfairly favors Defendants.

Plaintiff disagrees that any discovery or discovery dates should be postponed or continued in view of Defendants' pending motions, which Plaintiff submits lack merit. Postponing discovery is unfairly prejudicial to Plaintiff.

**Defendants' Statement:**

To date, no discovery has been taken.

Defendants agree that, except for good cause, the limits on discovery in each case will proceed pursuant to the presumptive limits in the Federal Rules of Civil Procedure, except that depositions of third parties (excluding depositions of parent companies, affiliates, and former employees, which will count toward the parties' presumptive deposition limits) will not count toward the parties' presumptive deposition limits.

Given the pending motions to dismiss, which may resolve each of the pending cases in their entirety, Defendants propose that the Court continue certain discovery dates as disclosed in Section II below in order to facilitate efficient resolution of this litigation without unnecessary burden and expense.

9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

None of the cases are class actions.

10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

There are presently no related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

11. <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

A. <u>Plaintiff's Statement</u>

Cellspin respectfully requests that this Court enter judgment, in each respective case, in its favor as follows:

a. A judgment in favor of Cellspin that each Defendant has infringed, including willfully, the claims from each Patent-in-Suit being asserted against that Defendant;

b. A permanent injunction enjoining each Defendant, and their officers, directors, employees, agents, affiliates, and all others acting in active concert therewith from making, using, selling, offering for sale, or importing the accused products in this case or anything not colorably different;

c. A judgment and order requiring each Defendant to pay to Cellspin the damages, costs, expenses, fees, and prejudgment and post-judgment interest for such Defendant's infringement of the Patents-in-Suit, including as provided under 35 U.S.C. §§ 284 and/or 285;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Cellspin its reasonable attorneys' fees; and

e. Any and all other relief to which Cellspin may show itself to be entitled.

B. <u>Defendants' Statement</u>

Defendants respectfully request that this Court enter judgment, in each respective case, in their favor as follows:

a. A judgment and order declaring that Cellspin take nothing on the claims asserted in the complaint;

b. A judgment and order declaring that Defendants do not infringe the Patents-in-Suit;

c. A judgment and order declaring that the Patents-in-Suit are invalid;

d.      An order declaring that this is an exceptional case and awarding Defendants all of their costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

e.      Any other such relief as the Court may deem appropriate and just under the circumstances.

12. Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

At this early stage, the Parties have not been able to reach any agreements to resolve these cases. The Parties have complied with ADR L.R. 3-5(a) and have separately filed an ADR Certification pursuant to ADR L.R. 3-5(b) and an ADR Stipulation pursuant to ADR L.R. 3-5(c).

Cellspin states that it will need at least unit sales and revenue information for the accused products in order to negotiate a resolution to this case; otherwise, Cellspin is not presently aware of any key discovery or motions necessary to position the parties to negotiate a resolution to this case.

With the exception of Garmin, Defendants state that they will not be prepared to negotiate a resolution until after the Court has ruled on the pending motions to dismiss and Defendants have had an opportunity to review Plaintiff's infringement contentions.

13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*

_____ YES   __X__ NO

None of these pending cases involve consent by all parties thereto to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. <u>Other References</u>
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The Parties do not presently deem this case to be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>
*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

At this stage in the proceedings, the Parties are presently unaware of any issues that can be narrowed by agreement or motion. The parties agree to continue to meet and confer regarding any such issues and to inform this Court as applicable in the event discovery indicates agreement may be reached on the scope of any issues or reveals any additional basis to narrow the issues through motion practice.

16. <u>Expedited Trial Procedure</u>
*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

Subject to the Court's approval, the Parties have agreed to a synchronized schedule up to and including claim construction proceedings for purposes of joint claim construction proceedings. The Parties have not agreed upon any other expedited or streamlined procedures.

17. <u>Scheduling</u>
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

*See* Section II, below.

18. <u>Trial</u>
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

The Parties in each case have requested a trial by jury. The Parties presently anticipate a trial of approximately 7-10 business days for each case.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The parties will have filed the Certificate of Interested Entities required by Civil L.R. 3-16 as of the date of this Case Management Statement. The parties are not aware of any entities or persons, other than those identified in the Certificates, who would have an interest in the outcome of this litigation.

**Cellspin's Statement**: Pursuant to Federal Rule of Civil Procedure 7.1, Plaintiff Cellspin Soft, Inc. discloses that it does not have any parent corporation and no publicly-held corporation owns 10% or more of Cellspin's stock. Pursuant to Civil Local Rule 3-15, as of this date, other than named parties, there are no such interests to report.

**Fitbit's Statement**: Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Fitbit, Inc. discloses that it does not have any parent corporation and no publicly-held corporation owns 10% or more of Fitbit's stock. Pursuant to Civil Local Rule 3-15, as of this date, other than named parties, there are no such interests to report.

**Moov's Statement**: Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Moov Inc. d/b/a Moov Fitness, Inc. discloses that it does not have any parent corporation and no publicly-held corporation owns 10% or more of Moov's stock. Pursuant to Civil Local Rule 3-15, as of this date, other than named parties, there are no such interests to report.

**TomTom Inc.'s Statement**: Pursuant to Federal Rule of Civil Procedure 7.1, Defendant TomTom Inc. discloses that it is a wholly-owned subsidiary of TomTom International BV. Pursuant to Civil Local Rule 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or

other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: TomTom, Inc. is a wholly-owned subsidiary of TomTom International BV.

**TomTom North America's Statement**: Pursuant to Federal Rule of Civil Procedure 7.1, Defendant TomTom North America Inc. discloses that it is a wholly-owned subsidiary of TomTom Global Content BV. Pursuant to Civil Local Rule 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: TomTom North America Inc. is a wholly-owned subsidiary of TomTom Global Content BV.

**Nikon Americas, Inc.'s and Nikon Inc.'s Statement**: Pursuant to Federal Rule of Civil Procedure 7.1, Nikon Americas, Inc. discloses that Nikon Corporation, a publicly traded Japanese corporation, owns 100% of its stock. Also pursuant to Federal Rule of Civil Procedure 7.1, Nikon, Inc. discloses that Nikon Americas, Inc. owns 100% of its stock. Pursuant to Civil Local Rule 3-15, the following persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Nikon Corporation owns 100% of the stock of Nikon Americas, Inc., and Nikon Americas, Inc. owns 100% of the stock of Nikon, Inc.

**Canon U.S.A., Inc.'s Statement**: Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Canon U.S.A., Inc. hereby discloses that it is a wholly-owned subsidiary of Canon Inc., a publicly held corporation. Pursuant to Civil Local Rule 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or

in a party that could be substantially affected by the outcome of this proceeding: Canon Inc.

**Panasonic Corporation of North America's Statement:** Defendant Panasonic Corporation of North is a wholly owned subsidiary of Panasonic Corporation. No other corporation owns ten percent (10%) or more of the interest of Defendant Panasonic Corporation of North America, and there is no parent corporation or publicly held corporation that owns ten percent (10%) or more of the interest of Panasonic Corporation. Pursuant to Civil L.R. 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the Panasonic proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of the Panasonic proceeding: Panasonic Corporation.

**GoPro, Inc.'s Statement**: Pursuant to Fed. R. Civ. P. 7.1, the undersigned, counsel of record for defendant GoPro, Inc., certifies that it has no parent corporation and that no publicly held corporation owns ten percent or more of its stock. Pursuant to Local Rule 3.15, the undersigned, further certifies that defendant is not aware of any person or entity other than the named parties who has a pecuniary or other interest that could be substantially affected by the outcome of this proceeding.

**JK Imaging Ltd.'s Statement**: Pursuant to Fed. R. Civ. P. 7.1, the undersigned, counsel of record for JK Imaging Ltd., certifies that it has no parent corporation and that no publicly held corporation owns ten percent or more of its stock. Pursuant to Local Rule 3-15, the undersigned, further certifies that defendant is not aware of any person or entity other than the named parties who has a pecuniary or other interest that could be substantially affected by the outcome of this proceeding.

**Garmin's Statement**: Pursuant to Fed. R. Civ. P. 7.1, Garmin incorporated by reference Case No. 4:17-cv-05934-YGR, Docket No. 28, Garmin Ltd., a Swiss corporation as an Interested Party.

**adidas America, Inc.'s Statement:** adidas America, Inc. is a wholly owned

subsidiary of adidas North America, Inc. adidas North America, Inc. is a wholly owned subsidiary of adidas International, B.V., which is a wholly owned subsidiary of adidas AG. Pursuant to Local Rule 3-15, the undersigned further certifies that Defendant is not aware of any other person or entity who has a pecuniary or other interest that could be substantially affected by the outcome of this proceeding.

**Under Armour, Inc.'s Statement**: Pursuant to Federal Rule of Civil Procedure 7.1, Defendant Under Armour, Inc. discloses that it does not have a parent corporation and there are no publicly held corporations owning 10% or more of its stock. Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than named parties, there is no such interest to report.

**NIKE, Inc.'s Statement:** Pursuant to Federal Rule of Civil Procedure 7.1(a), Plaintiff NIKE, Inc. ("Nike") states that it has no parent corporation and that no publicly held company owns 10 percent or more of its stock. Pursuant to Civil L.R. 3-15, Nike further certifies that it is not aware of any other person or entity who has a pecuniary or other interest that could be substantially affected by the outcome of this proceeding.

**Fossil Group, Inc. and Misfit Inc.'s Statement:** Pursuant to Fed. R. Civ. P. 7.1, the undersigned, counsel of record for defendants Fossil Group, Inc. and Misfit Inc. certifies that Fossil Group, Inc. has no parent corporation and that no publicly held corporation owns ten percent or more of its stock. Misfit Inc. is a wholly owned subsidiary of Fossil Group, Inc. Pursuant to Civil Local Rule 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Fossil Partners, L.P. (Fossil Group, Inc. is the general partner of Fossil Partners, L.P.) and Fossil Stores I, Inc. (subsidiary of Fossil Group, Inc.).

20. Professional Conduct

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The Parties are not presently aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

## II.   COORDINATED PROPOSED SCHEDULE PURSUANT TO THE COURT'S ORDER DATED DECEMBER 5, 2017

The parties jointly submit the following coordinated schedule:[1]

| Deadline | Date |
|---|---|
| **Patent L.R. 3-1** (Disclosure of Asserted Claims and Infringement Contentions) and **Patent L.R. 3-2** (Document Production Accompanying Disclosure) | 3/12/2018 |
| **Patent L.R. 3-3** (Invalidity Contentions) and **Patent L.R. 3-4** (Document Production Accompanying Invalidity Contentions) | 5/18/2018 |
| **Patent L.R. 4-1** (Exchange of Proposed Terms for Construction) | 6/8/2018 |

---

[1] The Parties understand, including based on the Court's Standing Order For Patent Cases, that the Court expects a coordinated schedule for deadlines through Patent L.R. 4-6 Claim Construction Hearing and that following issuance of a claim construction order the Court will set subsequent case management conference at which time deadlines for the remainder of the case will be set.

| | |
|---|---|
| **Patent L.R. 3-8** (Damages Contentions) | |
|    (a)  Contentions For Group I Defendants[2] | 7/16/2018 |
|    (b) Contentions For Group II Defendants[3] | 7/23/2018 |
|    (c) Contentions For Group III Defendants[4] | 7/30/2018 |
| **Patent L.R. 4-2** (Exchange of Preliminary Claim Constructions and Extrinsic Evidence) | 7/2/2018 |
| **Patent L.R. 3-9** (Responsive Damages Contentions) | |
|    (a) For Group I Defendants | 8/13/2018 |
|    (b) For Group II Defendants | 8/27/2018 |
|    (c) For Group III Defendants | 8/27/2018 |
| **Patent L.R. 4-3** (Joint Claim Construction and Prehearing Statement) | 7/17/2018 |
| **Patent L.R. 4-4** (Completion of Claim Construction Discovery) | 8/24/2018 |
| **Patent L.R. 4-5(a)** (Plaintiff's Opening Brief and Evidence Supporting Its Claim Construction) | 9/7/2018 |
| **Patent L.R. 4-5(b)** (Defendants' Responsive Brief and Supporting Evidence) | 10/9/2018 |
| **Patent L.R. 4-5(c)** (Plaintiff's Responsive Brief) | 10/16/2018 |
| **Patent L.R. 4-6** (Claim Construction Hearing) | 10/29/2018; or at the Court's earliest convenience and availability thereafter |

[2] Group I Defendants are Fitbit, Moov, Adidas, Nike, Under Armour, Fossil, and Misfit (the '794, '752 and '847 Patents have been asserted against each of these Defendants).
[3] Group II Defendants are Canon, GoPro, Panasonic and JK Imaging (the '698 Patent has been asserted against each of these defendants).
[4] Group III Defendants are Garmin, TomTom and Nikon (the '698, '794, '752 and '847 Patents have been asserted against each of these defendants).

**Plaintiff's Proposal:**

Plaintiff opposes any continuation of discovery under the Patent Local Rules and responses to written discovery until after the Court issues a ruling on the pending motions to dismiss. All of Defendants' pending motions lack merit. The only pending motion to dismiss that is potentially case dispositive is Defendants' omnibus *Alice* Motion under Section 101. That motion, which addresses only one cherry-picked allegedly "representative" claim out of four patents, lacks merit, including on its face. Defendants come forth with no reason why their omnibus motion is so likely to be granted that it would justify the extreme relief they request. Postponing critical discovery would unfairly compress written discovery in this case, unfairly prejudice Plaintiff's ability to amend pleadings or contentions if discovery warrants it, unfairly prejudice Plaintiff's ability to timely seek redress if Defendants' fail to promptly fulfill their discovery obligations, unfairly delay, and thus prejudice, Plaintiff's ability take necessary deposition discovery with the benefit of Defendants' relevant documents, and ultimately unfairly prejudice Plaintiff's ability to prepare these cases for expert reports and for trial. For these same reasons, Defendants' alternative proposal to limit discovery to only the limited information provided by Local Patent Rule disclosures is unwarranted and unfairly prejudicial to Plaintiff.

The Court will receive Plaintiff's response to Defendants' omnibus motion on January 30th. To the extent it is not evident from the face of Defendants' omnibus motion that it lacks merit, its lack of merit will be shown via Plaintiff's response. This Court has substantial experience with Section 101 motions already. If, upon review of Plaintiff's response, the Court is inclined to grant the omnibus motion, then it has discretion to enter a stay of proceedings (including patent rule disclosures and discovery) pending entry of a formal written ruling. If, upon review of Plaintiff's response, the Court is not inclined to grant the omnibus motion, then discovery should proceed in this case as it proceeds in all cases that have pending motions.

**Defendants' Proposal:**

Defendants propose that the Court continue discovery under the Patent Local Rules and responses to written discovery until after the Court issues a ruling on the pending motions to

dismiss. The entirety of these related cases may be resolved on those motions and, accordingly, temporarily delaying discovery in these actions is likely to facilitate the efficient resolution of this litigation. This is particularly true given that there are 14 different Defendants at issue and, without a stay, each one, separately, will have to take on the expense and burden of discovery that would prove to be unnecessary should the Court grant the parties' motions.

Alternatively, Defendants propose that no party need respond to any written discovery until 30 days after the Court issues an order on the pending motions to dismiss, but that the parties proceed with discovery under the Patent Local Rules (including discovery regarding offers to sell; conception, reduction to practice, design, and development of the invention; ownership of the patents; comparable licenses; prior art, operation of the accused produces; etc.) as provided in the table above. This will allow the parties to proceed with relevant discovery while the Court considers Defendants' motions (in case the Court ultimately denies those motions), but will, at the same time, still prevent the unnecessary burden and expense of non-essential discovery should the Court decide to grant those motions. There will be adequate time to seek discovery on extraneous issues not addressed by the local rules should the Court deny Defendants' motions.

Dated: January 22, 2018            */s/ John J. Edmonds*
                                   Counsel for Plaintiff,
                                   Cellspin Soft, Inc.

Dated: January 22, 2018            */s/ Shane Brun*
                                   Counsel for Defendant,
                                   Fitbit, Inc.

Dated: January 22, 2018            */s/ Shane Brun*
                                   Counsel for Defendant,
                                   Moov Inc.

Dated: January 22, 2018            */s/ Steve Moore*
                                   Counsel for Defendant,
                                   Adidas America, Inc.

Dated: January 22, 2018            */s/ Richard Mulloy*
                                   Counsel for Defendant,
                                   Nike, Inc.

| | |
|---|---|
| Dated: January 22, 2018 | */s/ George Moustakas* |
| | Counsel for Defendant,<br>Under Armour, Inc. |
| Dated: January 22, 2018 | */s/ Dalia B. Kothari* |
| | Counsel for Defendants,<br>Fossil Group, Inc. and Misfit, Inc. |
| Dated: January 22, 2018 | */s/ Rachael D. Lamkin* |
| | Counsel for Defendants,<br>Garmin International, Inc. and Garmin USA, Inc. |
| Dated: January 22, 2018 | */s/ Jacob A. Schroeder* |
| | Counsel for Defendants,<br>Nikon Americas, Inc. and Nikon, Inc. |
| Dated: January 22, 2018 | */s/ Teresa Chow* |
| | Counsel for Defendants,<br>TomTom, Inc. and TomTom North America |
| Dated: January 22, 2018 | */s/ Ryan Goldstein* |
| | Counsel for Defendant,<br>Canon U.S.A., Inc. |
| Dated: January 22, 2018 | */s/ Daniel McCloskey* |
| | Counsel for Defendant,<br>GoPro Inc. |
| Dated: January 22, 2018 | */s/ Vann Pearce* |
| | Counsel for Defendant,<br>Panasonic Corporation of North America |
| Dated: January 22, 2018 | */s/ Irfan A. Lateef* |
| | Counsel for Defendant,<br>JK Imaging |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CASE MANAGEMENT ORDER

The above OMNIBUS CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE