Randall T. Garteiser (CA State Bar No. 231821)
    rgarteiser@ghiplaw.com
Christopher A. Honea (CA State Bar No. 232473)
    chonea@ghiplaw.com
M. Scott Fuller (TX State Bar No. 24036607)
    sfuller@ghiplaw.com
GARTEISER HONEA
795 Folsom St., Floor 1, San Francisco, CA  94107
119 W Ferguson, Tyler, TX  75702
Telephone:  (415) 785-3762
Facsimile:  (888) 908-4400

Attorneys for Plaintiff,
CELLSPIN SOFT INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| CELLSPIN SOFT, INC., | § § | JOINT CASE MANAGEMENT STATEMENT |
| Plaintiff, | § § | |
| v. | § § § | |
| FITBIT, INC., | § | Case No. 4:17-CV-05928-YGR |
| MOOV, INC., | § | Case No. 4:17-CV-05929-YGR |
| ADIDAS AMERICA, INC., | § | Case No. 4:17-CV-05930-YGR |
| NIKE, INC., | § | Case No. 4:17-CV-05931-YGR |
| UNDER ARMOUR, INC., | § | Case No. 4:17-CV-05932-YGR |
| FOSSIL GROUP, ET AL., | § | Case No. 4:17-CV-05933-YGR |
| GARMIN INTERN., INC., ET AL., and | § | Case No. 4:17-CV-05934-YGR |
| NIKON AMERICAS, INC., | § § | Case No. 4:17-CV-05936-YGR |
| Defendants. | § | |

Plaintiff Cellspin Soft, Inc., together with the above-named individual Defendants, respectfully submits this Joint Case Management Statement.

On April 22, 2020, the Court set the above-styled cases for a joint Case Management Conference[1], to be conducted on Tuesday, May 26, 2020, at 10:00 a.m. PDT. *See, e.g.,* Order at Dkt. 104 in 4:17-cv-05934-YGR (Garmin). In its Orders, the Court requested a joint case management statement to be filed on or before Tuesday, May 19, 2020. *Id.* Further, the Court requested that the parties meet and confer, and file a single comprehensive statement for all Cellspin cases, to include a chart with proposed dates showing where there is agreement versus disagreement. *Id.* The parties have met and conferred, and provide the Court the following:

I. **Comprehensive Statement**

The parties provide the following comprehensive statement with respect to the status of each of the pending Cellspin cases.

A. **Stayed Cases**

*Plaintiff Cellspin provides the following statement:*

The following cases are presently stayed (or partially stayed, in the case of Garmin), pending resolution of the two pending (now final) IPR reviews: 17-cv-05934-YGR (Garmin); 17-cv-05938-YGR (Canon); 17-cv-05939-YGR (GoPro); 17-cv-05941-YGR (Panasonic); and 17-cv-06881-YGR (JK Imaging) (collectively, the "Stayed Cases"). *See*

---

[1] The Court set all Non-Stayed Cases for CMC on April 22, with the noted exception of Fitbit (4:17-cv-05928). The parties are proceeding on the assumption that the Court intends to conduct a joint CMC with all Non-Stayed parties, including Fitbit.

Orders dated February 11, 2020 at, *e.g.*, Dkt. 100 in 17-cv-05934-YGR (Garmin). On May 1, 2020, Plaintiff Cellspin filed Notices in each of the Stayed Cases informing the Court of the final judgments rendered in each of the pending IPR reviews. *See* Notices dated May 1, 2020 at*, e.g.,* Dkt. 105 in 17-cv-05934-YGR (Garmin).

Pursuant to this Court's Orders Staying each of the Stayed Cases, the parties to the Stayed Cases will prepare and file a joint status report within 30 days of the issuance of the final written decisions. The deadline for such joint report is May 28, 2020. Plaintiff Cellspin informs the Court that it is presently contemplating how it will proceed with respect to the '698 Patent, whether by seeking reconsideration, appeal, dismissal, or otherwise, and will coordinate with the stayed Defendants as necessary to either seek dismissals or an additional stay.

*Plaintiff Cellspin and the Garmin Defendants provide the following statement:*

Defendant Garmin is uniquely positioned in terms of the present stay. In accordance with the Court's Order Granting Stay (Dkt. 100 in 17-cv-05934-YGR (Garmin)), Cellspin and Garmin jointly filed a Motion to Sever the '698 Patent aspects of the case against Garmin. *See* Dkt. 101 in 17-cv-05934-YGR (Garmin). The Court granted that Motion on April 22, 2020. *See* Order at Dkt. 103 in 17-cv-05934-YGR (Garmin). Shortly thereafter, Chambers requested that Cellspin and Garmin "meet and confer and decide on the logistics of the companion case, including the filing and initiating of a new case regarding the stayed patent." *See* Chambers email notice to counsel for Cellspin and Garmin dated April 28, 2020.

Counsel for Cellspin and Garmin have conferred and, at the request of Chambers, provided an email proposal to the Court regarding management of the severed case. *See* Fuller email to Chambers dated May 12, 2020. Counsel for Cellspin and Garmin will be pleased to discuss these options with the Court at the CMC.

B.    **Non-Stayed Cases**

The following cases are presently not stayed (or are partially stayed, in the case of Garmin, as discussed above), pending resolution of the two pending (now final) IPR reviews: 17-CV-05928-YGR (Fitbit); 17-CV-05929-YGR (Moov); 17-CV-05930-YGR (Adidas); 17-CV-05931-YGR (Nike); 17-CV-05932-YGR (Under Armour); 17-CV-05933-YGR (Fossil); 17-CV-05934-YGR (Garmin); and 17-CV-05936-YGR (Nikon) (collectively the "Non-Stayed Cases").

On April 21, 2020, Plaintiff Cellspin filed a Notice of Readiness for Case Management Conference in each of the Non-Stayed Cases. *See, e.g.,* Notice at Dkt. 128 in 17-CV-05928-YGR (Fitbit). As noted above, on April 22, 2020, the Court set the above-styled cases for a joint Case Management Conference[2], to be conducted on Tuesday, May 26, 2020, at 10:00 a.m. PDT. *See, e.g.,* Order at Dkt. 104 in 4:17-cv-05934-YGR (Garmin).

On April 28, 2020, the Patent Trial and Appeal Board issued a final written decision in each of the two IPRs holding that all claims of U.S. Patent No. 9,258,698 currently asserted against Nikon and Garmin are unpatentable. *See* Notices dated May 1, 2020 at*, e.g.,* Dkt.

---

[2] The Court set all Non-Stayed Cases for CMC on April 22, with the noted exception of Fitbit (4:17-cv-05928). The parties are proceeding on the assumption that the Court intends to conduct a joint CMC with all Non-Stayed parties, including Fitbit.

JOINT CASE MANAGEMENT STATEMENT

105 in 17-cv-05934-YGR (Garmin).

As noted in the Notice of Readiness filed by Plaintiff Cellspin, the parties have met and conferred with respect to the schedule moving forward, and are at an impasse with respect to the scope of discovery to be undertaken, including claim construction. In an effort to resolve the dispute, the Non-Stayed parties provide the Court with the following brief statements concerning the respective positions. In the section to follow, the parties provide the Court with a proposed Schedule, which identifies the dates and events for which there is agreement and disagreement. A Proposed Scheduling Order is also submitted herewith.

1. *Plaintiff's Statement*

Plaintiff proposes a schedule whereby the parties proceed through claim construction and *limited* open discovery in accordance with the default timing of the District; thereafter, the Court will set the remaining dates to trial. In light of the Federal Circuit's decision in these matters, proper resolution of the patentability issue plainly requires merits discovery, claim construction, and perhaps expert testimony, in order to develop a full and informed record. *See Cellspin Soft, Inc. v. Fitbit, Inc.,* 927 F.3d 1306, 1316-18 (Fed. Cir. 2019) (noting the "two-step, two-device structure … discussed throughout the specification" as indicative of unconventionality; further recognizing multiple "specific, plausible factual allegations about why aspects of [the] claimed inventions [are] not conventional").

Certainly Defendants have every right in this case, just as in any case, to pursue whatever discovery they believe best serves their respective interests, and to file motions for summary judgment at the time and on the topic(s) of their choosing. Of course, the second

step in the *Alice/Mayo* test is one steeped in questions of fact, which can be best resolved only upon a full factual record. *See, e.g., Aatrix Software, Inc. v. Green Shades Software, Inc.,* 882 F.3d 1121, 1128-30 (Fed. Cir. 2018) (vacating dismissal, and remanding for resolution of fact issues, including claim construction). If Defendants believe the facts, as developed in discovery, actually provide a clear and convincing basis to again challenge patentability, then they have every opportunity and right to prepare and file such a motion in due course. There is no good reason, however, to further delay the merits in these cases, which have now been pending for two-and-a-half years, by limiting the case to a single issue. This is especially improper where, as here, the Federal Circuit has already signaled that the facts favor validity and the Plaintiff. *See, e.g., Aatrix Software,* 3:15-cv-0164-HES-MCR (M.D. Fla.), at Dkt. 99 (on remand from Federal Circuit, as cited above, and on facts very similar to those here, the district court entered a full Scheduling Order, including claim construction, without limiting scope) (*see* attached Amended Case Management and Scheduling Order as entered in *Aatrix* (Exh. 1)).

The dates and limits proposed by Plaintiff are designed to conserve resources by focusing discovery at this stage on issues relating to the technical merits of the claims and defenses (*e.g.,* validity and infringement), while staying full non-technical discovery (*i.e.,* damages discovery).

For the foregoing reasons, Plaintiff urges the Court to adopt and enter the Proposed Schedule with all dates agreed to by Plaintiff, which provides for full technical discovery through claim construction, with an opportunity for the Court to set subsequent deadlines at

JOINT CASE MANAGEMENT STATEMENT

the conclusion of the Claim Construction Hearing. Plaintiff's proposal further provides for limited financial disclosures, which are important reference points for the parties if there is to be any meaningful engagement in settlement and case assessment.

It is expressly noted that, under Plaintiff's proposals, no damages discovery is contemplated (which would include, *inter alia*, production and discovery relating to marketing, licensing, revenues, and damages experts). Rather, such discovery will be provided for in the schedule following Claim Construction.

### 2. *Non-Stayed Defendants' Statement*

On April 3, 2018, this Court granted Defendants' Section 101 motions to dismiss. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 316 F. Supp. 3d 1138, 1155-56 (N.D. Cal. 2018) (hereafter, "*Cellspin NDCA*"). Applying the *Alice* framework, this Court first found that "the asserted claims are directed to an abstract idea, namely a method of acquiring, transferring, and publishing data and multi-media content on one or more websites." *Id*., at 1150. As to step two, this Court found that "the asserted claims 'merely provide a generic environment in which to carry out' the abstract ideas of acquiring, transferring, and publishing data." *Id*., at 1152 (*quoting In re TLI Commc'ns*, 823 F.3d 607, 611 (Fed. Cir. 2016).) As for the allegations in Cellspin's (twice) amended complaints regarding the benefits of its claimed method, this Court rightly explained that the "alleged technological improvements appear nowhere in the claims or specification". *Id*., at 1154.

Cellspin appealed. *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306 (Fed. Cir. 2019) (hereafter, "*Cellspin CAFC*"). On appeal, the Federal Circuit affirmed this Court's finding

at *Alice* Step one, specifically "that the asserted claims are directed to an abstract idea." *Id.*, at 1316. At step two, however, the Federal Circuit held this Court "erred by not accepting Cellspin's well-pleaded allegations as true with respect to whether its patents capture, transfer, and publish data in a way that is plausibly inventive." *Id.*, at 1320. "[A]ccepting those allegations as true," the Federal Circuit could not "say that the asserted claims are ineligible under § 101 as a matter of law." *Id*.

Believing this Court to have been correct in its finding that Cellspin's amended complaints failed to accurately reflect the teachings of the asserted patents, believing the Federal Circuit's opinions in *Berkheimer*, *Aatrix*, and *Cellspin* to be inconsistent with Supreme Court precedent, and believing the Federal Circuit misapplied the motion to dismiss standard set by *Iqbal/Twombly*, Defendants filed a petition for *certiorari* before the United States Supreme Court. (Lamkin Decl., Exh. 2-A.)

Unfortunately, the Supreme Court denied *certiorari* on January 13, 2020. However, the fact remains that to date the Court and the parties have focused their efforts and have spent significant time and resources on the Section 101 question. Plaintiffs' allegations in the amended complaints as identified by the Federal Circuit's decision leave a final set of narrow, potentially case-dispositive factual determinations before this Court.

Specifically, the Federal Circuit identified the following three issues of fact that should be resolved to determine the patent ineligibility of the asserted claims under the second step of the <u>*Alice*</u>:

1. Whether "it was unconventional to separate the steps of capturing and publishing data

JOINT CASE MANAGEMENT STATEMENT

so that each step would be performed by a different device linked via a wireless, paired connection." *Cellspin CAFC*, at 1316; *see also* Cellspin's First Amended Complaint ("FAC"), at ¶¶11-25.

2. Whether using HTTP, by an "intermediary device" while the data is "in transit," was inventive. *Id*.

3. And finally, whether "establishing a paired connection between the mobile device and the capture device *before* data is transmitted" was inventive. *Id*. (emphasis in original)

Accordingly, the most efficient way forward is to resolve the above three discrete factual issues before starting full blown fact discovery and claim construction process.[3] Whether these three factual issues satisfy *Alice* at step two, are narrow, case-dispositive issues that can and should be adjudicated prior to any other substantive matter in this case. *See Elgin v. Dep't of the Treasury*, 567 U.S. 1, 35, 132 S. Ct. 2126, 2147 (2012) ("District courts have broad discretion to manage their dockets . . . ."). To support this Court's correct determination that the claims and specification of the Asserted Patents fail to support the facts alleged by Cellspin and therefore do not satisfy step 2 of *Alice*, Defendants request a short discovery period to prove that the Asserted Patents merely claim well understood, routine, and conventional activities. *See Cellspin NDCA*, at 1154.

The Federal Circuit has identified three factual issues that need to be resolved in order to determine whether the asserted claims are patent eligible. Defendants' proposed schedule

---

[3] Cellspin previously represented that it was "generally amenable to allowing the district court to address a 101 MSJ process up front, before we get into discovery or patent rule disclosures." (Lamkin Decl., Exh. 2-B.)

JOINT CASE MANAGEMENT STATEMENT

will allow the parties to conduct the limited discovery necessary to resolve these three issues of fact identified by the Federal Circuit quickly and then present the eligibility issue to the Court once again, this time under the summary judgment standard and with a full factual record. Defendants' schedule will avoid the unnecessary waste of Court and party resources if Cellspin's allegations about the unconventionality of certain aspects of the asserted claims are not true. If they are and the Court finds they give rise to an inventive concept, then the parties can proceed to fact discovery on the other issues present in the case.

Thus, Defendants respectfully ask this Court for a scheduling order consistent with Defendants' proposed dates in the table below.

### 3. Proposed Schedule

The Non-Stayed Parties respectfully submit the following proposed schedule for the Court's consideration. Dates in **bold** are agreed by the parties; all other dates are contested:

| Plaintiff | Defendants | Event |
|---|---|---|
| **May 26, 2020** | **May 26, 2020** | Case Management Conference |
| Plaintiff strongly opposes Defendants' proposal. Plaintiff states that any requirement for "101 Contentions" is improper, as claims are presumed valid and patent eligible. *See Cellspin Soft v. Fitbit,* 927 F.3d 1306, 1319 (Fed. Cir. 2019). The burden is | June 9, 2020 | Last day for Plaintiff to serve its full and final contentions that the asserted claims of the Asserted Patents recite inventive features under the second step of *Alice* and 35 U.S.C. § 101, including any factual allegations previously made in Plaintiff's complaints or amended complaints that Plaintiff believes support its contentions.<br><br>Plaintiff's contentions shall include a chart identifying each feature of each asserted claim that Plaintiff contends is inventive under the second step of *Alice* and 35 U.S.C. § 101 along with Plaintiff's factual and legal basis for its contention for each identified feature.<br><br>Along with its contentions, Plaintiff must produce or make available for inspection and |

| Plaintiff | Defendants | Event |
|---|---|---|
| squarely on Defendants in this case to present their invalidity argument, to which Plaintiff will respond. | | copying all documents or other materials, including code, software or other electronic evidence, upon which Plaintiff may rely in support of its contention that a feature of the asserted claims is inventive under the second step of *Alice* and 35 U.S.C. § 101 |
| N/A | July 21, 2020 | Close of all fact discovery regarding Section 101. Each side is limited to 5 interrogatories, including contention interrogatories, and 10 requests for production relating to Section 101 issues. |
| N/A | August 11, 2020 | Disclosure of opening expert reports, if any, relating to Section 101 issues. |
| N/A | September 1, 2020 | Disclosure of rebuttal expert reports, if any, relating to Section 101 issues. |
| N/A | September 15, 2020 | Close of expert discovery relating to Section 101 issues. |
| N/A | October 6, 2020[4] | Deadline for Defendants' to file a single, omnibus motion for summary judgment that the asserted claims of the patents-in-suit fail to satisfy the second step of Alice and 35 U.S.C. § 101 ("Defendants' MSJ") |
| N/A | October 27, 2020 | Deadline for Plaintiff's response brief to Defendants' MSJ |
| N/A | November 10, 2020 | Deadline for Defendants' single omnibus reply brief in support of Defendants' MSJ |
| May 26, 2020 | N/A | Technical Fact Discovery opens (limited to issues relating to infringement, validity, and claim construction) |
| N/A | 3 days after Court enters order disposing of Defendants' MSJ | All Fact Discovery opens |

---

[4] In the event that no motion is filed by the October 6, 2020, that date shall be deemed the date the Court enters an order disposing of Defendants' MSJ for purposes of the deadlines set forth below

JOINT CASE MANAGEMENT STATEMENT

| Plaintiff | Defendants | Event |
|---|---|---|
| June 9, 2020 (14 days after Case Management Conference) | 14 days after Court enters order disposing of Defendants' MSJ | Last day to serve Disclosure of Asserted Claims and Infringement Contentions |
| June 26, 2020 | 45 days after infringement contentions | Last day for Defendants to serve preliminary financial disclosures, which shall consist of at least the last 3 years of U.S. sales and revenue numbers for each the accused products identified in the infringement contentions (including units sold, and gross and net revenues from such sales, broken down annually, or as otherwise maintained in the ordinary course by the party). |
| July 27, 2020 (LPR 3-3 and 3-4, 45 days after infringement contentions) | LPR 3-3 and 3-4, 45 days after infringement contentions | Last day to serve Invalidity Contentions and produce documents pursuant to LPR 3-4 |
| August 10, 2020 (LPR 4-1, 14 days after invalidity contentions) | LPR 4-1, 14 days after invalidity contentions | Last day to serve proposed terms for construction |
| August 24, 2020 (14 days after proposed terms exchanged) | 14 days after proposed terms exchanged | Last day for parties to meet and confer regarding exchange of proposed terms |
| August 31, 2020 (LPR 4-2, 21 days after terms exchanged) | LPR 4-2, 21 days after terms exchanged | Last day to simultaneously exchange Preliminary Claim Constructions and Extrinsic Evidence |
| September 21, 2020 (53 days after invalidity contentions) | 53 days after invalidity contentions | Last day for parties to meet and confer regarding Preliminary Claim Constructions and Extrinsic Evidence |
| September 28, 2020 (LPR 4-3, 60 days | LPR 4-3, 60 days after invalidity | Last day to file Joint Claim Construction and Prehearing Statement |

JOINT CASE MANAGEMENT STATEMENT

| Plaintiff | Defendants | Event |
|---|---|---|
| after invalidity contentions) | contentions | |
| October 28, 2020 (LPR 4-4, 30 days after Joint Claim Construction and Prehearing Statement) | LPR 4-4, 30 days after Joint Claim Construction and Prehearing Statement | Last day to complete all discovery relating to claim construction |
| November 30, 2020 (LPR 4-5(a), 45 days after Joint Claim Construction and Prehearing Statement) (extended to account for holiday impact on schedule) | LPR 4-5(a), 45 days after Joint Claim Construction and Prehearing Statement) (extended to account for holiday impact on schedule | Last day for Plaintiff to file and serve opening brief and evidence supporting claim construction |
| December 22, 2020 (LPR 4-5(b), 14 days after Plaintiff's opening brief on claim construction) (extended to account for holiday impact on schedule) | LPR 4-5(b), 14 days after Plaintiff's opening brief on claim construction) (extended to account for holiday impact on schedule | Last day for Defendants to file and serve responsive claim construction brief |
| January 4, 2021 (LPR 4-5(c), 7 days after Defendants' responsive claim construction brief) (extended to account for holiday impact on schedule) | LPR 4-5(c), 7 days after Defendants' responsive claim construction brief) (extended to account for holiday impact on schedule | Last day for Plaintiff to file and serve reply claim construction brief |
| **1 day before Claim Construction Hearing** | **1 day before Claim Construction Hearing** | Technology Tutorial for the Court, or at the Court's convenience on another date |

JOINT CASE MANAGEMENT STATEMENT

| Plaintiff | Defendants | Event |
|---|---|---|
| January 19, 2021 (LPR 4-6, 2 weeks after Plaintiff's reply claim construction brief) | LPR 4-6, 2 weeks after Plaintiff's reply claim construction brief | Claim Construction Hearing, or at the Court's convenience on another date |

### 4. *Proposed Discovery Limits*

The Non-Stayed Parties respectfully submit the following proposed discovery limits for the Court's consideration. Items in **bold** are agreed by the parties; all others are contested:

| Plaintiff | Defendants | Discovery Mechanism |
|---|---|---|
| **10 Common Per Side (Plaintiff is one "Side" and Defendants jointly are a "Side"); and 15 Individual Per Party Group (*e.g.,* the Garmin Defendants are one "Party Group")** | **10 Common Per Side (Plaintiff is one "Side" and Defendants jointly are a "Side"); and 15 Individual Per Party Group (e.g., the Garmin Defendants are one "Party Group")** | Written Interrogatories (FRCP 33) |
| **15 Common Per Side; and 20 Individual Per Party Group** | **15 Common Per Side; and 20 Individual Per Party Group** | Requests for Production (FRCP 34) |
| **50 Per Party Group, not including requests for the purpose of establishing the genuineness of documents or that documents are kept in the ordinary course of business, which are not limited** | **50 Per Party Group, not including requests for the purpose of establishing the genuineness of documents or that documents are kept in the ordinary course of business, which are not limited** | Requests for Admission (FRCP 36) |
| For Plaintiff: 40 Hours Per Defendant Party Group (for Offensive Fact Depositions); For Defendants: 40 Hours Total (for Offensive Fact | For Plaintiff: 40 Hours Per Defendant Party Group (for Offensive Fact Depositions); For Defendants: 70 Hours Total (for Offensive Fact | Fact Depositions (FRCP 30) |

JOINT CASE MANAGEMENT STATEMENT

| Plaintiff | Defendants | Discovery Mechanism |
|---|---|---|
| Depositions); No Single Deposition May Last More Than 7 Hours on Record | Depositions); No Single Deposition May Last More Than 7 Hours on Record | |
| **7 Hours Per Expert, Per Report Topic, and Per Party Group (a "Topic" Means Invalidity or Infringement).** **If a single Report concerns more than one Party Group, then the Deposition shall be for 7 Hours, plus 2 Hours for each additional Party Group.** **Claim Construction depositions shall be limited to 7 Hours per Expert.** | **7 Hours Per Expert, Per Report Topic, and Per Party Group (a "Topic" Means Invalidity or Infringement).** **If a single Report concerns more than one Party Group, then the Deposition shall be for 7 Hours, plus 2 Hours for each additional Party Group.** **Claim Construction depositions shall be limited to 7 Hours per Expert.** | Expert Depositions (FRCP 30) |

Respectfully submitted,

Dated: May 19, 2020						GARTEISER HONEA

								*/s/ Randall T. Garteiser*
								Randall T. Garteiser
								CA State Bar No. 231821
								Christopher A. Honea
								CA State Bar No. 232473
								M. Scott Fuller
								TX State Bar No. 24036607

								Attorneys for Plaintiff
								Cellspin Soft, Inc.

JOINT CASE MANAGEMENT STATEMENT