United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELLSPIN SOFT, INC.,<br>Plaintiff,<br>v.<br>GARMIN INTERNATIONAL, INC., et al.,<br>Defendants. | Case No. 17-cv-05934-YGR (KAW)<br><br>**ORDER REGARDING 7/31/2026 DISCOVERY LETTER**<br><br>Re: Dkt. No. 270 |

On May 27, 2026, Plaintiff Cellspin Soft, Inc. and Defendants Garmin International, Inc. ("Garmin") filed a joint discovery letter, in which Garmin sought an addendum to the Protective Order. This proposed addendum would allow Defendant to use materials obtained in the instant litigation ("N.D. Cal. Action") in new actions brought by Plaintiff against entities related to Garmin in the Eastern District of Texas ("E.D. Texas Actions"). (Dkt. No. 268.) On June 17, 2026, the Court found that despite the Ninth Circuit's position of "strongly favor[ing] access to discovery materials to meet the needs of parties engaged in collateral litigation," Defendant's assertion that "[m]uch of the same material Defendants relied on in this case will be relevant in [the E.D. Texas Actions]" was insufficient to carry its "burden of establishing relevance." (6/17/26 Order at 1-2, Dkt. No. 269.)

On July 31, 2026, the parties filed the instant discovery letter, in which Defendant again seeks an addendum allowing the use of protected materials in the E.D. Tex. Actions. (Discovery Letter, Dkt. No. 270.) While "a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted . . . the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability

therein." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003). The Court again finds that Garmin has not met its burden of establishing relevance here.

In the June 17, 2026 order, the Court found that, "[a]t a minimum, Defendants should be able to specifically describe the overlap between the cases and identify the categories of documents that they believe would be relevant to the collateral suit, as well as explain why such categories would be relevant." (6/17/26 Order at 2-3.) This was particularly the case where Plaintiff had provided examples of differences between the cases, including different wearables with updated sensors/applications, including distinct aviation/avionics and different applications, versions, sensors, firmware, architecture, and technical implementations. (*Id.* at 2.) Further, the Court noted that to the extent Defendant relied on infringement charts, it was "not clear how reliance on infringement charts demonstrates overlap, such as how the 2022 infringement chart would have covered or anticipated products that may not have existed until years later[.]" (*Id.*)

While Defendant has now identified categories of documents, Defendant's explanation of overlap is still overbroad and conclusory. Again, Defendant argues that the cases "involve the same patents, parties, and accused system." (Discovery Letter at 2.) This argument is, in essence, the same functionality argument that this Court has already found insufficient. Further, to support this argument, Defendant appears to still rely on the old infringement charts from the instant case to argue that all versions of Bluetooth Low Energy operate in the same manner for purposes of infringement. (*Id.*) It remains unclear, however, how that infringement chart would apply to the products in the E.D. Texas Actions, particularly if those products post-date the infringement chart. Likewise, Defendant asserts that Plaintiff's expert opined that "the vast majority of the differences among the Accused Instrumentalities . . . have no relevance to the infringement analysis," but this again appears to be based on a 2021 expert report in the instant case. Thus, it is not apparent that this opinion applies to the products in the E.D. Texas Actions. In short, Defendant appears to rely on the similarity between products *in the instant case* to argue that infringement occurs in the same way as to products in the E.D. Texas Actions, but this is not persuasive.

The inadequacy of Defendant's comparison is further highlighted by its failure to respond to Plaintiff's argument that the E.D. Texas Actions involve "post-2022 wearables … [that] involve

*different* applications, versions, sensors, firmware, BLE/GATT implementations, backend architectures, and technical implementations." (Discovery Letter at 3-4.) Nor does Defendant respond to Plaintiff's argument that the parties are distinct in the two actions, as the instant case concerns "Garmin International and Garmin USA, Kansas-based U.S. entities, while the Texas action is against Garmin Corporation, a Taiwan entity, and Garmin Ltd., the Swiss parent." (*Id.* at 3.) Thus, Defendant has not adequately supported its assertion that the cases involve the same parties or accused system.

Accordingly, the Court again DENIES Defendant Garmin's request for an addendum to the Protective Order. The denial is without prejudice.

This order disposes of Dkt. No. 270.

IT IS SO ORDERED.

Dated: August 14, 2026

KANDIS A. WESTMORE
United States Magistrate Judge